UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JOSE ANGEL MORENO,<br>Defendant. | Case No. 5:11-cr-00355-EJD-17<br><br>**ORDER DIRECTING RESPONSE TO DEFENDANT'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255** |

On May 5, 2016, Defendant Jose Angel Moreno ("Defendant") entered into a plea agreement and pled guilty to two charges: racketeering conspiracy, in violation of 18 U.S.C. § 1962(d) (Count 1) and use or possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2 (Count 4). *See* 28 U.S.C. § 2255 Motion to Vacate ("Mot."), Dkt. 283.

On August 4, 2016, the Court sentenced Defendant to 160 months in custody; specifically, the Court imposed a sentence of 100 months on Count 1 and imposed a mandatory consecutive sentence of 60 months on Count 4.

Presently before the Court is Defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Dkt. 978), which was filed on March 4, 2020. Defendant already filed a Section 2255 motion, which the Court denied. *See* Dkt. 885. Defendant then applied to file a second or successive 2255 motion. On June 4, 2020, the Ninth Circuit granted this request. *See* Dkt. 982. Defendant contends that he should be resentenced pursuant to *United States v. Davis*, 139 S. Ct. 2319 (2019). Under 28 U.S.C. § 2255, a federal prisoner may move to vacate, set aside, or correct a sentence by demonstrating (1) the sentence was imposed in violation of the

Constitution or laws of the United States, (2) the court was without justification to impose such a sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) that the sentence is otherwise subject to collateral attack. "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). Liberally construed, Defendant's claim appears cognizable under § 2255 and merits a response from the Government. Accordingly, the Court orders as follows:

1. The Clerk shall serve a copy of this Order as well as a copy of Defendant's motion and supporting materials upon the United States Attorney. The Clerk shall also serve a copy of this Order upon Defendant.

2. Within sixty (60) days of the issuance of this Order, the Government shall file with the Court and serve on Defendant an Answer showing cause why the requested relief should not be granted.

3. If Defendant wishes to respond to the Answer, he shall do so by filing a traverse with the Court and serving it on the Government within thirty (30) days of receipt of the Answer.

4. The Government may file a motion to dismiss on procedural grounds in lieu of an Answer within the same timeframe stated above. If the Government files such a motion, Defendant shall file with the Court and serve on the Government an opposition or statement of non-opposition within thirty (30) days of receipt of the motion, and the Government shall file with the Court and serve on Defendant a reply within fifteen (15) days of receipt of any opposition.

**IT IS SO ORDERED.**

Dated: August 6, 2020

EDWARD J. DAVILA
United States District Judge

Case No.: 5:11-cr-00355-EJD-17
ORDER DIRECTING RESPONSE TO DEFENDANT'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255
2